UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RAYFORD RICHARDSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| ST. PHILLIPS COLLEGE, | § | SA-10-CV-0447 FB (NN) |
| ALAMO COMMUNITY COLLEGE | § | |
| DISTRICT, | § | |
| | § | |
| Defendants. | § | |

### ORDER DENYING MOTION FOR A DIFFERENT MAGISTRATE JUDGE

This order addresses plaintiff Rayford Richardson's motion for a different magistrate judge (docket entry 9). In the motion, Richardson referred to my familiarity with this case and asked for the assignment of a magistrate judge who is unfamiliar with the case. Although the motion is not styled as a motion to recuse the undersigned judge, I construe the motion as such because it questions whether I am biased or prejudiced toward Richardson and whether I have personal knowledge of disputed evidentiary facts concerning this case.

Under 28 U.S.C. § 455, a party may ask for recusal of a magistrate judge if the magistrate judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . ."[1] "Judges are presumed to be impartial and, accordingly, parties seeking recusal bear 'the substantial burden of proving otherwise.'"[2] "The standard for determining whether a judge should disqualify [herself] under § 455 is whether a reasonable person knowing all the facts would conclude that the judge's impartiality might reasonably be questioned."[3]

---

[1] 28 U.S.C. § 455.

[2] *In re Medtronic Sprint Fidelis Leads Products Liab. Litig.*, 601 F. Supp. 2d 1120, 1124 (D. Minn.2009) (citation omitted).

[3] *Hepperle v. Johnston*, 590 F.2d 609, 614 (5th Cir. 1979). *See Hall v. Small Business Admin.*, 695 F.2d 175, 179 (5th Cir. 1983) ("The statute requires the judge to disqualify [her]self if a reasonable person,

Because this case is newly-filed, my familiarity with this case flowed from my consideration of Richardson's motions to proceed in forma pauperis and for appointment of counsel. My consideration of those motions did not require consideration of Richardson's allegations. After reviewing Richardson's complaint, I observe that Richardson has sued Alamo Community College District (ACCD) for unlawful employment discrimination based on race. Richardson complains that he was not hired for a Fall 2008 position and was not offered a teaching position for the Fall 2009 semester. I am unfamiliar with these allegations. Richardson identified no evidentiary facts with which I am familiar.

To the extent Richardson complains about familiarity with his prior case—Cause No. SA-08-CV-54—what occurred in that case has no bearing in this case. In the prior case, Richardson also sued ACCD for unlawful employment discrimination based on race. Richardson complained that he was not scheduled to teach class for the Fall 2007 semester, someone forged his name on his performance evaluation, and he was retaliated against after complaining about not having classes. Those allegations have already been adjudicated.

The allegations in this case are separate and distinct from the allegations in the prior case. I have no personal knowledge of the allegations in this case. No reasonable person knowing these facts would conclude that the undersigned's impartiality might reasonably be questioned. Richardson failed to meet his burden of demonstrating that the undersigned lacks impartiality. I deny Richardson's motion (docket entry # 9).

**SIGNED** on August 27, 2010.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

knowing all the circumstances, would harbor doubts about [her] impartiality.").