UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RAYFORD RICHARDSON, | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| ST. PHILIPS COLLEGE, | § | SA-10-CV-0447 FB (NN) |
| ALAMO COMMUNITY COLLEGE | § | |
| DISTRICT, | § | |
| | § | |
| **Defendants.** | § | |

## REPORT AND RECOMMENDATION

TO:   **Honorable Fred Biery**
      **Chief United States District Judge**

This report and recommendation addresses the pending motion to dismiss.[1]  This case arose from plaintiff Rayford Richardson's complaint alleging unlawful employment discrimination based on race.  Richardson sued St. Philips College and Alamo Community College District (ACCD).  Richardson, proceeding pro se, complains that he was not hired for a Fall 2008 teaching position at St. Philips College and that he was not offered a teaching position for the Fall 2009 semester.  ACCD moved for dismissal on two grounds: (1) under Rule 12(b)(1)[2] for dismissal of St. Philips College because it lacks the capacity to be sued, and (2) under Rule 12(b)(4)[3] dismissal of ACCD for insufficient service of process.

**Claims against St. Phillips College**.  ACCD asked for dismissal of the claims against St.

---

[1]Docket entry # 14.

[2]Fed. R. Civ. P. 12(b)(1).

[3]Fed. R. Civ. P. 12(b)(4).

Philips College, one of ACCD's member institutions, under Rule 12(b)(1).[4]  That rule permits a defendant to move to dismiss for lack of subject matter jurisdiction.[5]  ACCD maintains the court lacks subject matter jurisdiction over claims against St. Philips College because the junior college lacks the capacity to be sued.  Richardson did not respond to this argument.[6]

St. Philips College is a member of the ACCD.  Section 130.084 of the Texas Education Code provides that "[t]he governing board of a junior college district [like St. Philips College] shall be governed . . . by the general law governing the establishment, management, and control of independent school districts. . . ."[7]  Section 11.151 of the Texas Education Code provides that "[t]he trustees of an independent school district [like ACCD] constitute a body corporate and in the name of the district may . . .  sue and be sued. . . ."[8]  The Texas Education Code does not provide a junior college like St. Philips with the capacity to be sued.  In the absence of a statute giving a junior college the capacity to be sued, the court lacks subject matter jurisdiction over Richardson's claims against St. Philips College.  The claims against St. Philips College should be dismissed.

**Claims against ACCD**.  ACCD asked for dismissal of the claims against ACCD under

---

[4]Docket entry # 14, pp. 1-2.

[5]Fed. R. Civ. P. 12(b)(1).

[6]Richardson filed two documents in response to the motion to dismiss, *see* docket entry # s 16 & 18, but neither document responds to the defendants' arguments.

[7]Tex. Educ. Code Ann. § 130.84 (West Supp. 2009).

[8]Tex. Educ. Code Ann. § 11.151 (West Supp. 2009).

Rule 12(b)(4).[9]  That rule permits a defendant to move to dismiss for insufficient process.[10]

ACCD maintains it is entitled to dismissal because Richardson failed to comply with the court's

deadline for service.  Richardson did not respond to this argument.

> An objection under Rule 12(b)(4) concerns the form of the process rather than the
> manner or method of its service.  Technically, . . . a Rule 12(b)(4) motion is
> proper only to challenge noncompliance with the provisions of Rule 4(b) or any
> applicable provision incorporated by Rule 4(b) that deals specifically with the
> content of the summons.  Thus, Rule 12(b)(4) is the proper challenge, for
> instance, when it is alleged that the Summons and Complaint do not properly
> name the party on whom the Summons and Complaint is served.[11]

Although ACCD styled its motion as a Rule 12(b)(4) motion, ACCD does not challenge

noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule

4(b) that deals specifically with the content of the summons.  Instead, ACCD complained that

Richardson failed to comply with the court's deadline for preparing completed summons forms

and USM-285 service forms.

Although the court may dismiss a claim for failure to comply with a court order,[12]

dismissing is "an extreme sanction which is to be used only when the 'plaintiff's conduct has

threatened the integrity of the judicial process [in a way which] leav[es] the court no choice but

to deny that plaintiff its benefits.'"[13] That point was not reached in this case.  On July 13, 2010,

---

[9]Docket entry # 14, pp. 2-3.

[10]Fed. R. Civ. P. 12(b)(4).

[11]*Shivers v. Akima Intra-Data*, No. 2:07cv55KS-MTP, 2008 WL 3992669, at *3 (S.D. Miss. Aug. 21, 2008).

[12]*McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("A district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of court.").

[13]*McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (internal citation omitted).

the court directed Richardson to submit to the clerk completed summons forms and USM-285 service forms.[14]  Under the court's order, the deadline for submitting the completed documents was July 29, 2010.  When Richardson failed to submit the required documents, ACCD moved to dismiss for insufficient service.  In response, Richardson presented to the clerk on August 3, 2010 the completed summons and service forms.[15]  Although Richardson did not ask the court for additional time to comply with the court's order, Richardson ultimately complied.  Service was completed on August 18, 2010.  Richardson's conduct did not threaten the integrity of the judicial process in a way that left the court no choice but to deny Richardson the benefits of judicial process.  ACCD was not prejudiced.  ACCD's argument provides no basis for dismissing Richardson's claim.

**Recommendation**.  Because St. Philips College lacks the capacity to be sued, I recommend granting the motion to dismiss (docket entry # 14) and dismissing the claims against St. Philips College.  Because ACCD's argument does not provide a basis for dismissing Richardson's claim against ACCD, I recommend denying the motion to dismiss (docket entry # 14) the claims against ACCD.

**Instructions for Service and Notice of Right to Object/Appeal**.  The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed within 14 days

---

[14]Docket entry # 4.

[15]Docket entry # 8.

after being served with a copy of same, unless this time period is modified by the district court.[16] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[17]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[18]

      **SIGNED** on October 20, 2010.

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[16]28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

[17]*Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

[18]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).