UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RAYFORD RICHARDSON, | § § | |
| Plaintiff, | § | |
| v. | § § | CIVIL ACTION NO. |
| ALAMO COMMUNITY COLLEGE DISTRICT, | § § § | SA-10-CV-0447 FB (NN) |
| Defendant. | § § | |

**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**

This order addresses plaintiff Rayford Richardson's motion for appointment of counsel. Richardson seeks to sue his former employer, Alamo Community College District (ACCD), for unlawful employment discrimination. He asked the court to appoint an attorney to represent him.

"There is no automatic right to the appointment of counsel; and in a civil case a federal court has considerable discretion in determining whether to appoint counsel."[1] In considering a plaintiff's request for counsel in an employment discrimination case, the court considers the following factors: "(1) the merits of the plaintiff's claims of discrimination; (2) the efforts taken by the plaintiff to obtain counsel; and (3) the

---

[1] *Salmon v. Corpus Christi Indep. Sch. Dist.*, 911 F.2d 1165, 1166 (5th Cir. 1990).

plaintiff's financial ability to retain counsel."[2]

**The merits of Richardson's claim**.  Richardson alleged that he was not hired for a teaching position for the Fall 2008 and Fall 2009 semesters because he is Black. Richardson stated that Mr. Brisita told him that he would not be interviewed for a Fall 2009 position because the position being filled would cause a benefit conflict.  A benefit conflict is not a discriminatory reason for not hiring a person for a teaching position. Richardson also complained that a white instructor taught the class he usually taught. That a white instructor taught a class Richardson taught in the past does not suggest Richardson was not hired because he is Black.  The merits of Richardson's claim weigh against appointing an attorney.

**Richardson's efforts to obtain counsel**.  Richardson indicated he contacted the attorney who represented him in his first lawsuit against ACCD.  The attorney withdrew from representation after Richardson acted against legal advice and contacted the news media.[3]  Because Richardson acted against legal advice in his first case, it is unlikely the attorney would represent Richardson in this case.  Richardson characterized ACCD's attorney as very hard to deal with, but that characterization does not bear on Richardson's efforts to obtain legal counsel.  This factor weighs against

---

[2]*Gonzalez v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990).

[3]*See* Cause No. SA-08-CV-54-FB, docket entry # 22 (citing irreconcilable difference with Richardson).

appointing an attorney.

**Richardson's financial ability to retain counsel**.  Richardson asked to proceed in forma pauperis.  Although I granted that request, I am mindful of provisions for an attorney's fee for a prevailing party in an employment discrimination lawsuit.[4]  The provisions enable an attorney to represent a plaintiff who has a meritorious claim, but few financial resources.  In light of this provision, this factor weighs neither for or against appointing counsel.

**Conclusion**.  The balance of applicable factors weighs against appointing an attorney.  For that reason, and because the law and burdens in regard to claims alleging unlawful employment discrimination are well-settled, I DENY the motion for appointment of counsel (docket entry # 35).

**SIGNED** on December 19, 2011.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[4] 42 U.S.C. §§ 2000e-5(k) & 12205.